506 P.2d 51

**UTAH POWER AND LIGHT COMPANY,**
a corporation, Plaintiff and Respondent,

v.

David Frank PATTERSON et al.,
Defendants and Appellants.

No. 12968.

Supreme Court of Utah.

Feb. 6, 1973.

---

1. See Gocke v. Wiesley, 18 Utah 2d 245, 420 P.2d 44.

**124**

Glen E. Fuller, Orval C. Harrison, Salt Lake City, for defendants and appellants.

Parsons, Behle & Latimer, LeRoy S. Axland, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

This is an action in eminent domain brought by the plaintiff for the purpose of acquiring rights to erect and maintain additional towers in connection with the establishment of a new transmission line.

In the year 1913 the predecessors in title and interest of the appellants entered into certain right-of-way agreements with the plaintiff's predecessor. The agreement granting an easement to the Power Company should it decide to erect and maintain additional towers contains certain provisions requiring additional payments. The particular right of way agreement which we are concerned with here covered a portion of the defendants' property, which is referred to in the record as the "Dix" parcel, and contains certain provisions which spelled out the duties and obligations of the Power Company if it elected to construct additional towers. At the opening of the trial on the issue of damages the court ruled that in respect to the "Dix" tract the defendants were entitled to recover such severance damages as they might be able to prove.

During the course of the trial the plaintiff produced an expert witness, who, after testifying to various items of damage, voiced the opinion that the defendants had suffered no severance damage. The defendants moved to strike the witness's testimony as to severance damages on the ground that the witness was under a legal misapprehension as to the terms of the easement agreement. The witness was cross-examined at considerable length by counsel for the defendants concerning his opinion as to severance damages. The defendants also called an expert who was of the opinion that the remaining tract of land owned by the defendants was damaged by reason of its severance occasioned by the erection of the new tower.

The issue of damages including severance damages to the "Dix" parcel was submitted to the jury with instructions which adequately covered the matter of severance damages. The jury returned a verdict awarding the defendants $31,343 for various items of damages but failed to award the defendants severance damages.

It is the defendants' contention before this court that the court below erred in re-

fusing to strike the testimony of the plaintiff's expert witness on the ground that his testimony was based upon a legal misapprehension. In view of the fact that the court at the outset of the trial ruled that the defendants were entitled to recover such severance damages as they might prove and the court submitting that problem to the jury, leads us to the conclusion that there is no merit in the defendants' contention. The verdict returned by the jury is well within the limits of the testimony proffered by the parties.

The decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.